IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

CURT TOMLINSON                                                           PLAINTIFF

VS.                          NO. CV 2012-0064-6

ERICK WIGGINS, BILL REISDORFF,
AMERCABLE INCORPORATED,
AND NEXANS INC.                                                          DEFENDANTS

## COMPLAINT

COMES the Plaintiff, by and through counsel, and for his Complaint, he states:

### PARTIES AND JURISDICTION

1.      Plaintiff is a resident and citizen of the State of Arkansas, who formally worked for the Defendant AMERCABLE, INC, a corporation authorized to do business in the State of Arkansas who, at all times relevant, employed more then fifteen people in the State of Arkansas in an industry affecting interstate commerce and has now been acquired by Nexans. Nexans is sued as a successor employer and is liable for Amercable's actions. This is an action brought for retaliation and disability discrimination under the Arkansas Civil Rights Act of 1993, the FMLA, and the Americans with Disabilities Act of 1990. Erick Wiggins as the HR manager and Plaintiff's manager Bill Reisdorff are sued individually only under the FMLA and the ACRA, although their action were taken within the scope of their employment. The individual Defendants had the power to hire and fire the Plaintiff. Accordingly, this Court has subject matter jurisdiction, as well as personal jurisdiction. Since the acts giving rise to this matter arose in this County, venue is proper.

### GENERAL ALLEGATIONS OF FACT

2.      Plaintiff is a person with a disability, as that term is defined by the Arkansas Civil Rights Act of 1993 and the ADA because he is substantially limited in his ability to think, concentrate, and work.

EXHIBIT C

FILED
3.13.12 @ 10:30A
CHERYL COCHRAN - WILSON, CLERK
BY _____ D.C.

1

3. While working for the Defendant, Plaintiff was subjected to a hostile work environment, and he wrote letters complaining about this environment.

4. Plaintiff timely filed a charge of discrimination with the EEOC, a copy of which is attached as Exhibit "A", and now timely files this action within 90 days of receiving his right to sue letter.

5. After a doctor's appointment for chest pains, stress, and anxiety, Plaintiff was prescribed a course of prescription medication. Due to the affects of the medication, Plaintiff requested leave as an accommodation under the ADA, and Defendant retaliated against him for requesting leave. Indeed, although the employer should have engaged in a good faith interaction process, the employer refused to engage in a good faith interaction process and, instead, fired Plaintiff on or about May 31, 2011.

6. In August of 2010, Plaintiff was being constantly harassed by his manager, and he requested leave, as supported by a doctor's note in order to receive counseling.

7. Plaintiff spoke to human resources, and the human resources representative admitted that there had been numerous complaints about this particular manager, but the company did not intend to do anything.

8. The HR manager said, however, despite the company's unwillingness to do something, the HR manager would try to help the Plaintiff.

9. But, apparently, the HR manager's senior manager refused to do anything.

10. Shortly after Plaintiff continued his complaints, he was terminated.

11. Plaintiff worked for the Defendant for almost three years and had no disciplinary problem and had a good record at the company.

12. Without prescription medications, Plaintiff cannot concentrate, has suicidal thoughts, and cannot work.

## COUNT I

13. Plaintiff re-alleges the foregoing as it is fully set out herein.

14. On each day on August of 2010 until his date of termination, Plaintiff had worked for the Defendant for more then 1250 hours in the year proceeding each such day at a location where the Defendant employed 50 or more employees. Accordingly, from August of 2010 forward, Plaintiff was an eligible employee under the FMLA.

15. At all times relevant, Defendant employed 50 or more employees within 75 miles of Plaintiff's former work site in an industry affecting interstate commerce during in each calendar work week in 2009, 2010, and 2011. Accordingly, the Defendant is an employer covered the FMLA.

16. Plaintiff gave timely and proper notice for his need for FMLA leave, but Defendant failed to give him timely and proper notice of his rights under the FMLA, thereby interfering with the use of his FMLA leave.

17. Defendant interfered with the use of Plaintiff's FMLA leave and discouraged its use by creating a hostile work environment and terminating him in retaliation for requesting FMLA leave.

18. As a direct and proximate cause of Defendant's violations of the FMLA, Plaintiff has lost fringe benefits, lost wages, and incurred other damages in an amount to be proven at trial.

19. All of Defendant's actions have been willful.

## COUNT II

20. Plaintiff re-alleges the foregoing as fully set out herein.

21. At all times relevant, Defendant employed more then 15 people in the State of Arkansas.

22. Plaintiff timely filed a charge of discrimination with the EEOC and now timely files this action with 90 days of receiving his right to sue letter.

23. By virtue of the facts alleged herein, Defendant's have refused to accommodate the Plaintiff in violation of the ADA and refused to engage in a good faith interactive process

3

designed to achieve an accommodation, and have retaliated against the Plaintiff in violation of the ADA for requesting leave as an accommodation.

24. Defendants have discriminated against the Plaintiff on the basis of his disability in violation of the ADA and ACRA by treating similarly situated nondisabled people better under the same or similar circumstances.

25. Upon information and belief, Plaintiff alleges that people who are not disabled regularly receive FMLA leave, yet are not terminated.

26. People who make complaints regularly receive FMLA leave, yet are not terminated. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional stress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

27. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

Wherefore, Plaintiff prays for appropriate, compensatory, and punitive damages on his disability claims, appropriate, compensatory, and liquidated damages on his FMLA claims, for reasonable attorney fees, for cost, for a trial by jury, for reinstatement or front pay, and for all of the proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, Arkansas 72015
(501) 315-1910 FAX 501-315-1916
Attorneys for the Plaintiff

By: _____
Luther Oneal Sutter, Ark. Bar No. 95031

G:\Tomlinson, Curt\PLEADINGS\2012-02-27 CPLT.doc